Entered on Docket
March 10, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: March 10, 2014



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 13-32222DM
NANCY M. ALVARADO,                 )
                                   )
                    Debtor.        ) Chapter 13
_____)
```

MEMORANDUM DECISION FOLLOWING TRIAL ON MOTION TO VALUE
SECURED CLAIM AND AVOID LIEN OF MIGUEL SHEKER

I.  **INTRODUCTION**

On October 8, 2013, Nancy M. Alvarado ("Debtor") filed a Motion To Value Secured Claim and Avoid Lien of Miguel Sheker ("Sheker") regarding her duplex residence in San Mateo, California (the "Property") (Docket No. 9). On the same day Debtor filed a similar motion to avoid the lien of Specialized Loan Servicing ("SLS") on the Property (Docket No. 7).

Sheker and SLS each opposed Debtor's motions; thereafter SLS withdrew its opposition, acknowledged that its lien could be avoided, and agreed that upon completion of Debtor's plan and her receipt of a discharge, it would reconvey its recorded lien (Docket No. 43).

On March 4, 2014, the court held a trial on Debtor's motion directed at Sheker. Appearances were noted in the record.

Having considered the evidence presented and the arguments of

counsel, the court finds that the value of the Property as of Mrch 4, 2014, is $1,029,000. Accordingly, Sheker's lien may be avoided for purposes of Debtor's Chapter 13 plan.

II. DISCUSSION[1]

Debtor filed this Chapter 13 case on October 7, 2013. In connection with the motion and Sheker's opposition, the parties stipulated as follows:

> The amount of the secured debt and the value of the Property will be determined as of the date of trial, March 4, 2014.
>
> The Property is encumbered by a first deed of trust held by Select Portfolio Servicing, securing a debt of $1,036,095 as of the date of trial.
>
> SLS is owed $123,361.70 as of the date of trial.
>
> Sheker is owed $113,936 as of the date of trial.

Based upon the foregoing stipulation and the concession by SLS, the only issue tried was the value of the Property. The court heard from Debtor's expert, John Geer ("Geer"), a certified general appraiser, and from Anthony B. Santos ("Santos"), a licensed real estate appraiser.

Geer initially reported that the Property was worth $985,000 as of November 2, 2013. He modified his opinion at trial, stating that the Property was worth $995,000 as of that later date. Santos appraised the Property as of January 16, 2014, at $1,240,000 and reconfirmed that his opinion was the same as of the trial date.

The court finds Geer's testimony more credible, but as explained below, does not accept his opinion outright. Geer spent

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

more time on his appraisal than Santos did; he inspected the interior and exterior of the Property; he personally viewed and photographed all of the comparables. Santos on the other hand did not inspect the interior of the Property and admitted that he did not photograph the comparables (except perhaps one), giving the court the strong inference that he did not even visit them.

Santos also made two somewhat inexcusable and unexplainned errors regarding the Property, namely that it had a one-car garage instead of a two -car garage, and that it had only one chimney rather than the two. Sheker's counsel argued in defense of Santos that both of those omissions were factors that, if stated correctly, might support a higher value than (*i.e.*, two garages and two chimneys). Of greater significance, however, is that these errors, coupled with the other deficiencies mentioned above, undermined Mr. Santos' credibility. At the very least they cause the court to have more confidence that Geer performed his assignment more diligently and more carefully. His testimony is therefore more reliable than that of Santos.

The problem the court has with Geer's initial appraisal (Ex. A), submitted with a "Small Residential Income Property Appraisal Report", is that the comparable sales he studied closed between May and August, 2013, quite some time ago. Surprisingly, he made no adjustments upward in favor of the Property notwithstanding the testimony of both appraisers that values have gone up, perhaps as much as 1% per month.

In Geer's critique of Santos' work (Ex. B) he submitted a "Two-to Four - Unit Appraisal Field Review Report" and adjusted the value of the Property upward by significant amounts in

-3-

Case: 13-32222    Doc# 46    Filed: 03/10/14    Entered: 03/10/14 16:08:05    Page 3 of 6

comparison with sales at 443 State Street, 43-45 Grand, 51-55 East Poplar and 219 S. Humbolt. In each case these adjustments were based on the dates of sale of those comparables. He made downward adjustments for only two: 438 Grand (a short sale that Geer and the court discount) and 817 Delaware, clearly the most comparable of all but only recently closed, a fact not reflected in any of the three reports but explained at trial.

Clearly there are not many recent comparable sales, but the court does not believe the one very recently closed sale at 817 Delaware is enough to keep the value of the Property as low as Geer opines, namely only $10,000 upward from $985,000 to $995,000 over a span of four months (November 2, 2013, original appraisal and March 4, date of trial). Rather, the court believes a more accurate adjustment against the other comparables, based on the time elapsed from their sales, would be an additional $44,000 upward from Geer's initial valuation of $985,000. This is the lowest upward time adjustment Geer applied to any of the comparables in his second appraisal and seems more defensible than the mere $10,000 upward adjustment he made. This results in the court's finding the value of the Property to be $1,029,000 ($985,000 + $44,000) as of the date of trial.

III. CONCLUSION

Because the court has found the value of the Property to be less than the amount owed to Select Portfolio Servicing, it does not need to address the thorny legal question of whether SLS's lien, now stripped by Debtor by consent of that lienholder, would result in Sheker moving up to a second position where his lien could not be avoided or whether Debtor may preserve the SLS

"equity", leaving Sheker's lien in third position and out of the money.

Counsel for Debtor should serve and upload a form of order, consistent with this court's Guidelines for Valuing and Avoiding Liens In Individual Chapter 11 Cases and Chapter 13 Cases, fixing the value of the Property as $1,029,000 as of March 4, 2014, and granting Debtor's Motion To Value Secured Claim and Avoid Lien of Miguel Sheker.

**END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Edward W. Suman, Esq. |
| | 881 Sneath Lane, Suite 218 |
| 3 | San Bruno, CA 94066 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Case: 13-32222    Doc# 46    Filed: 03/10/14    Entered: 03/10/14 16:08:05    Page 6 of 6